UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROBERT RIDINGS,

        Plaintiff,

v.                                      **MEMORANDUM OF LAW & ORDER**
                                        Civil File No. 10-2590 (MJD/FLN)

STRYKER SALES CORPORATION,
and STRYKER CORPORATION,
jointly and individually,

        Defendants.

Michael K. Johnson and Lucia J. W. McLaren, Goldenberg & Johnson, PLLC, Counsel for Plaintiff.

Timothy P. Griffin and Brian W. Thomson, Leonard Street and Deinard, PA, and Vaughn A. Crawford, Snell & Wilmer LLP, Counsel for Defendants.

## I.    INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. [Docket No. 13] Defendants' motion is, in large part, a premature motion for summary judgment, which requests that the Court not take the allegations in the Complaint as true. This request is wholly inappropriate. Based upon the Court's careful review of the briefs and record in

1

this case, the Court concludes that oral argument is unnecessary and it **DENIES** the Motion to Dismiss. Oral argument, which was set for Friday, December 3, 2010, is **CANCELLED**.

## II. BACKGROUND

### A. Factual Background

Plaintiff Robert Ridings resides in Tennessee and, at the times relevant to the Complaint, resided in Utah. Defendants are Stryker Corporation and Stryker Sales Corporation (collectively, "Stryker"). Stryker is a Michigan corporation, located in Michigan. Stryker designed, manufactured, promoted, and distributed pain pumps, which deliver a continuous amount of pain medication, through a catheter, directly to a surgical site after surgery. The pain pumps are designed to be used with anesthetics over the course of two or more days. The Complaint alleges that the pain pumps are not safe for use in the shoulder joint and that their use in the shoulder joint can cause chondrolysis, destruction of the cartilage.

Ridings underwent surgery on his right shoulder on July 14, 2004. After the surgery, Plaintiff's surgeon placed a catheter in his shoulder and connected it to a Stryker pain pump, which was filled with anesthetic. The pain pump

2

continuously injected anesthetic into his shoulder, damaging his cartilage. Ridings has now been diagnosed with chondrolysis in his right shoulder joint. He asserts that the use of the Stryker pain pump in his shoulder joint caused his injury.

    **B.    Procedural Background**

On June 24, 2010, Plaintiff filed a Complaint against Stryker Corporation and Stryker Sales Corporation in this Court. On August 5, Plaintiff filed an Amended Complaint alleging: Count I: Negligence; Count II: Negligent Misrepresentation; Count III: Fraud; Count IV: Fraudulent Concealment; and Count V: Failure to Warn.

Defendants have filed a motion to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 9(b) and 12(b)(6).

**III.    DISCUSSION**

    **A.    Legal Standard for Motion to Dismiss under Rule 12(b)(6)**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move the Court to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted. In reviewing a motion to dismiss, the

Court takes all facts alleged in the complaint to be true. Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Thus, although a complaint need not include detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Id. (citations omitted).

The Court must view the Complaint as a whole. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). A claim is plausible where "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted).

Overall, Stryker attacks the Complaint on the merits, which is a violation of the requirement that, on a motion to dismiss, the Court accept all factual allegations in the Complaint as true. In fact, a complaint survives a motion to dismiss even when "it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" Id. (citation omitted). Stryker's arguments are suited for a summary judgment motion, which should not be filed before discovery has occurred in this case.

4

Therefore, the Court rejects Stryker's assertions 1) that, despite the allegations in the Complaint, it did not promote the use of its pain pumps in the shoulder joint space; 2) that it did not promote such use to Plaintiff's surgeon; 3) that it did not know, and should not have known, of the risk posed by using its pain pumps to infuse anesthetics into the shoulder joint space; and 4) that the use of its pain pumps in the shoulder joint does not cause chondrolysis. At this stage in the litigation, the Court will not examine deposition testimony, medical literature, or other outside evidence that contradicts the Complaint to determine the veracity of the allegations made in the Complaint. The Court accepts the allegations in the Complaint as true, including the clear, factually-supported pleading of promotion, knowledge, and causation.

### B. Choice of Law

Stryker claims that the Court must conduct a choice of law analysis at this stage. It offers Utah and Minnesota law as the possibly applicable law.

The Court agrees that, at some point, it must "conduct a thorough conflicts-of-law analysis." See In re St. Jude Med. Inc., 425 F.3d 1116, 1120 (8th Cir. 2005). However, at this point, before discovery has occurred, the Court does not have sufficient information to determine which state's law applies. The

Court declines Stryker's invitation to make a premature decision regarding the correct choice of law.

### C. Application of 12(b)(6) Standard to the Complaint

After examining the detailed Complaint, the Court holds that Plaintiff has pled facts to support the required elements of his claims under the laws of Utah or Minnesota. The Court further concludes that it is premature to determine whether Plaintiff's request for attorneys' fees and disgorgement, listed in his prayer for relief, should be stricken.

The Court also rejects Stryker's arguments that there is no independent claim for failure to test – no such independent claim is asserted in this Complaint. Instead, Plaintiff alleges that Stryker's failure to test is a fact that underlies claims for strict liability. See, e.g., Kociemba v. G.D. Searle & Co., 707 F. Supp. 1517, 1528 ((D. Minn. 1989) ("The duty to test is a subpart of duties to design a product non-negligently, manufacture a product non-negligently, and provide adequate warnings of dangers associated with its use.").

Overall, Plaintiff has adequately set forth the factual basis for each of his asserted claims.

### D. Pleading with Particularity

The Court rejects Stryker's claim that Plaintiff has failed to plead the fraud claims and fraudulent concealment tolling with sufficient particularity.

Plaintiffs must plead allegations of fraud with particularity. Fed R. Civ. P. 9(b). Generally, a complaint must identify the "who, what, where, when, and how of the alleged fraud." Parnes v. Gateway 2000, Inc., 122 F.3d 539, 550 (8th Cir. 1997). However, the Court interprets the requirements of Rule 9(b) "in harmony with the principles of notice pleading." Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001). "Rule 9(b) does not require that a 'complaint be suffused with every minute detail of a misrepresentation.'" McGregor v. Uponor, Inc., Civil No. 09-1136 ADM/JJK, 2010 WL 55985, at *4 (D. Minn. Jan. 4, 2010) (quoting Carlson v. A.L.S. Enters., Inc., No. 07-3970, 2008 WL 185710, at *3 (D. Minn. Jan. 18, 2008)). The purpose of Rule 9(b) is to adequately apprise the defendant of the claims against it and the factual basis for those claims so that it can respond to and prepare a defense to the charges of fraud. Commercial Property Investments, Inc. v. Quality Inns Int'l, Inc., 61 F.3d 639, 646 (8th Cir. 1995).

Here, Plaintiff clearly pleads sufficient facts to put Stryker on notice of the basis for the fraud claims against it. Although he does not provide the specific

7

dates and places that Stryker provided misrepresentations to his surgeon, in the context of this case, in which no discovery has yet occurred and the representations were made by Stryker to a third party – Plaintiff's surgeon – the type of allegations made here are sufficient. See McGregor, 2010 WL 55985, at *4 (holding, under similar circumstances, that "a plaintiff is not required to plead the exact dates on which misrepresentations were made") (citation omitted). The allegations in the Complaint give Stryker ample notice of Plaintiff's claims and the bases for those claims. The Court denies Stryker's motion to dismiss under Rule 9(b).

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [Docket No. 13] is **DENIED**.

Dated:   December 1, 2010               s/ Michael J. Davis
                                        Michael J. Davis
                                        Chief Judge
                                        United States District Court